```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:05CV121-2-MU
                    (3:03CR148-2-MU)
```

| | |
|---|---|
| **CHARLES MICHAEL COON, JR.,** )<br>    **Petitioner,** )<br>)<br>    **v.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>    **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court on remand from the Fourth Circuit Court of Appeals.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this remand, the record reflects that on October 8, 2003, the petitioner entered "straight-up" guilty pleas to a charge of conspiring to possess with intent to distribute cocaine powder and cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One), and to a charge of possession of cocaine powder and cocaine base with intent to distribute those substances, in violation of 21 U.S.C. §841(a)(1) (Count Two).

Consequently, on March 24, 2004, the Court held a Factual Basis & Sentencing Hearing at which time the petitioner was convicted of the subject offenses. During the sentencing phase of those proceedings, the Court determined that the petitioner's total adjusted Offense Level was 17; that his Criminal History Category was V; and that the petitioner was facing a range of 46

to 57 months imprisonment.  After considering all of the appropriate factors and hearing from the parties, the Court ultimately sentenced the petitioner to the minimal term of 46 months imprisonment.

Although no direct appeal was filed for the petitioner, on March 18, 2005--just days before the expiration of his one-year AEDPA deadline, the petitioner filed a form "Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence . . . ."  By that Motion, the petitioner argues that he was subjected to ineffective assistance of counsel for his former defense attorney's alleged failure to challenge this Court's assessment of a two-level firearm enhancement.

Previously, the Court entered an Order denying and dismissing the petitioner's Motion to Vacate after having construed-- albeit erroneously--the petitioner's claim as one that trial counsel was ineffective for having failed to challenge the two-level gun enhancement before this Court.  However, upon a more careful review by this Court, it is clear that the petitioner actually is complaining about his former attorney's failure to challenge the subject enhancement before the appellate Court.

Typically, when a Motion to Vacate is filed, setting forth a claim that an attorney failed to honor a petitioner's request for a direct appeal, the undersigned gives the petitioner the benefit of the doubt and re-enters the Judgment of Conviction so that the

petitioner can take a belated appeal.  That is, in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel --irrespective of the merits of the appeal.  See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal amounts to ineffective assistance).

Here, the petitioner has, in fact, alleged that his former attorney failed to honor his request that the two-level gun enhancement which he received be challenged on appeal.  Moreover, as has already been noted, the record clearly reflects that no such appeal ever was filed for the petitioner.  Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies the petitioner's representations, the Court still would be compelled to give the petitioner the benefit of the doubt on this matter.

Accordingly, in light of Evitts and Peak, the Court concludes that the petitioner's Motion to Vacate should be granted.  That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.  Thus, the Court will vacate its Judgment so that the petitioner may appeal his convictions and/or sen-

tence.

### III. NOTICE OF APPELLATE RIGHTS

Mr. Coon, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing the petitioner to timely appeal

his case;

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure to timely file an appeal as requested by the petitioner;

3. That the Clerk is directed to prepare a new Judgment with the same sentences and conditions as indicated on the original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order; and

5. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: February 5, 2007

Graham C. Mullen
United States District Judge